UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

 RAVEENDRAN NARAYANAN,

                          Plaintiff,                    **MEMORANDUM & ORDER**
                                                        22-CV-5661 (EK)(LB)

                -against-

 MERRICK B. GARLAND, LETITIA JAMES,
 KILOLO KIJAKAZI, RUDOLPH GIULIANI,
 GEORGIA M. PESTANA, et al.

                          Defendants.

---------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Raveendran Narayanan filed this action in

2022, asserting a litany of claims against seven defendants.  As

relevant here, those claims arose mainly from an assault that he

suffered at a New York City homeless shelter in 1998.  The Court

dismissed the claims against four defendants: Merrick Garland,

the former U.S. Attorney General; Letitia James, the New York

State Attorney General; Kilolo Kijakazi, the former Acting

Commissioner of the Social Security Administration; and Georgia

Pestana, the former Corporation Counsel of New York City.

        One of the remaining defendants — FJC Security, Inc. —

has now moved for summary judgment.[1]  Narayanan, who is

representing himself, has filed a cross-motion for summary

---

[1] The two remaining defendants are Dr. David Berman, an ophthalmologist, and former Mayor of New York City Rudolph Giuliani.  Neither defendant has appeared before the Court.

judgment.  For the reasons outlined below, FJC's motion is granted, and Narayanan's motion is denied.

## I.    Background

### A.    Factual History

Although both parties have moved for summary judgment, no discovery has occurred.  And Narayanan (unlike FJC) has not submitted a statement setting forth the material facts as to which he contends there is no dispute, as required by Rule 56.1 of this district's Local Civil Rules.  Accordingly, "for purposes of resolving the pending motions, the record is limited to the complaint," FJC's statement of undisputed facts, and matters of which the Court may take judicial notice.[2]  *See Narayanan v. Garland*, No. 22-CV-5661, 2023 WL 6307872, at *1 (E.D.N.Y. Sept. 28, 2023); *FEC v. Hall-Tyner Election Campaign Comm.*, 524 F. Supp. 955, 959 n.7 (S.D.N.Y. 1981) ("[A]ny facts subject to judicial notice may be properly considered in a motion for summary judgment.").

The Court outlined the facts of this case — as alleged in the complaint — in a prior order.  *See Narayanan*, 2023 WL

---

[2]  The fact that discovery has not begun does not bar the Court from ruling on the parties' summary judgment motions.  "[T]here is nothing in the Federal Rules of Civil Procedure precluding summary judgment — in an appropriate case — prior to discovery." *Emigra Grp., LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 346 (S.D.N.Y. 2009); *see also id.* at 346 nn.51-54 (collecting authorities).  Generally speaking, when the "material facts are undisputed and . . . a judgment on the merits is possible merely by considering the contents of the pleadings," parties should move for judgment on the pleadings, rather than summary judgment. *Pizza on 23rd Corp. v. Liberty Mut. Ins. Co.*, 723 F. Supp. 3d 307, 311 (S.D.N.Y. 2024).

6307872, at *2.  As relevant here, Narayanan asserts that a

group of men assaulted and robbed him at a Brooklyn homeless

shelter in the early hours of September 13, 1998.  Complaint 10,

ECF No. 1; FJC Security's 56.1 Statement ¶ 5, ECF No. 89-1.  He

claims that the assailants stole several items — a briefcase, a

watch, documents, and $800 in cash — and inflicted injuries that

required a nine-day hospital stay.  Complaint ¶¶ 32, 89-91.  And

he asserts that while the City of New York retained FJC to

secure the shelter, no security guards were on duty between

midnight and 8 a.m.  Complaint ¶ 30.

**B.    Procedural History**

Narayanan sued FJC in New York State Supreme Court in

April 1999.  FJC Security's 56.1 Statement ¶ 6.  He alleged that

he was a third-party beneficiary of the contract between FJC

and the city, and that FJC breached its contractual duties to

him by failing to prevent the attack.  *See Narayanan v. City of*

*New York*, 21 A.D.3d 533, 534 (2d Dep't 2005).  The Second

Department eventually ordered the trial court to grant summary

judgment to FJC, concluding that even if Narayanan were a

third-party beneficiary, FJC "could [not] have reasonably

expected, anticipated, or prevented the attack upon

[Narayanan]."  *Id*.

3

In February 2022, Narayanan filed this action in the
Southern District of New York.  *See generally* Complaint.[3]  Though
the complaint is difficult to decipher, Narayanan appeared to
bring three claims against FJC: (1) a breach-of-contract claim
like the one he brought in state court, *see* Complaint 7; (2) a
generic "intentional tort" claim, *see id.* at 10; and (3) an
undescribed claim under 18 U.S.C. § 1983, *see id.* at 12-14.

## II.  Legal Standard

Courts should construe the submissions of a *pro se*
litigant "liberally" and interpret them "to raise the strongest
arguments that they suggest."  *Triestman v. Fed. Bureau of
Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

"Nonetheless, proceeding *pro se* does not otherwise
relieve a litigant of the usual requirements of summary
judgment."  *Houston v. Teamsters Loc. 210, Aff. Health & Ins.
Fund-Vacation Fringe Ben. Fund*, 27 F. Supp. 3d 346, 351
(E.D.N.Y. 2014).  Under those requirements, summary judgment is
appropriate where "there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter
of law."  Fed. R. Civ. P. 56(a).  The movant must demonstrate
the absence of any such dispute.  *Anderson v. Liberty Lobby,*

---

[3]  Narayanan labeled this filing as a petition for a writ of habeas
corpus.  Judge Koeltl noted that Naranyan's "submission [was] a civil action
not a habeas corpus petition," and treated it as such.  *See* Docket Order
dated February 4, 2022, ECF No. 4.

*Inc.*, 477 U.S. 242, 256 (1986).  If the burden of proof rests

with the non-movant, the movant can prevail by pointing out the

lack of evidence supporting "an element essential to [the non-

movant's] case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).

### III. Discussion

**A.    The Breach-of-Contract Claim**

        We begin with Narayanan's claim that FJC was liable

for failing to prevent the attack on him.  FJC argues, among

other things, that claim preclusion bars Narayanan from

relitigating this claim, which was already adjudicated in New

York state court.  FJC Mem. in Supp. of Summ. J. 5-6, ECF

No. 80-2.  The Court agrees.

        The doctrine of claim preclusion states that "a final

judgment on the merits of an action precludes the parties or

their privies from relitigating issues that were or could have

been raised in that action."  *Simmons v. Trans Express Inc.*, 16

F.4th 357, 360 (2d Cir. 2021).  To determine whether a

state-court judgment has claim-preclusive effect, a federal

court looks to the preclusion law of that state.  *Id.*  In New

York, claim preclusion applies if (1) "there is a judgment on

the merits rendered by a court of competent jurisdiction," and

(2) "the party against whom the doctrine is invoked was a party

to the previous action, or in privity with a party who was."

*People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008).

Both criteria are satisfied here. First, the state court granted summary judgment to FJC on Narayanan's claim. *See Narayanan*, 21 A.D.3d at 533-34. That qualifies as a judgment on the merits. *Emmons v. Broome Cnty.*, 180 A.D.3d 1213, 1216-17 (3d Dep't 2020). Second, Narayanan was indisputably a party to the prior state court action. Accordingly, Narayanan may not resurrect his breach-of-contract claim — almost twenty years after its demise – in a federal forum. The Court therefore grants FJC's motion for summary judgement as to the breach-of-contract claim.

## B.   The Intentional Tort Claim

Narayanan also appears to bring an unspecified "intentional tort" claim under New York state law. FJC argues that this claim is untimely. Again, the Court agrees.

Under New York law, claims for damages for intentional torts are subject to a one-year limitations period. *See* N.Y. C.P.L.R. § 215(3); *see also Havell v. Islam*, 292 A.D.2d 210, 210 (1st Dep't 2002) (one-year limitations period applies to all intentional torts, even those not listed in Section 215(3)). Narayanan alleges that the assault occurred in 1998, which makes his present claim clearly untimely.

"Summary judgment on the basis of the expiration of a statute of limitations . . . is appropriate where the plaintiff fails to show the existence of any genuine issue of fact relating to the statute of limitations defense." *Overall v. Klotz*, 846 F. Supp. 297, 299 (S.D.N.Y. 1994). Narayanan has not alleged a genuine dispute as to *any* material fact, let alone one related to the statute of limitations. So, FJC is entitled to summary judgment on Narayanan's intentional tort claim.

**C.   The Section 1983 Claim**

To the extent Narayanan brings a Section 1983 claim against FJC (and it is not entirely clear that he does, given the prolixity of the complaint), that claim also does not survive summary judgment. Leaving aside the question of whether FJC (a security contractor) qualified as a state actor, *see Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996) (it is "axiomatic" that Section 1983 only applies to state actors), any Section 1983 claim based on the alleged assault is untimely.

If a state "has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions[,] . . . the residual or general personal injury statute of limitations applies" to federal Section 1983 claims. *Owens v. Okure*, 488 U.S. 235, 236 (1989). New York has a three-year statute of limitations for "non-specified personal injury claims." *BL Doe 3 v. Female*

7

*Acad. of the Sacred Heart*, 199 A.D.3d 1419, 1419 (4th Dep't 2021); *see also* N.Y. C.P.L.R. § 214(5).  That statute of limitations applies here.  *Owens*, 488 U.S. at 236.  Narayanan alleges that the underlying assault occurred in 1998.  So, his Section 1983 claim is also clearly untimely, and FJC is entitled to summary judgment.  *Overall*, 846 F. Supp. at 299.

## IV.  Conclusion

For the foregoing reasons, FJC's motion for summary judgment is granted in its entirety.  Narayanan's cross-motion is denied in its entirety.  The Clerk of Court is respectfully directed to dismiss FJC from this action.


SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    February 28, 2025
          Brooklyn, New York